**Jo Ann STEIN et al., Appellants,**

**v.**

**John M. URIE et al., Respondents.**

**No. 55954.**

Supreme Court of Missouri, Division No. 2.

March 8, 1971.

As Modified on Court's Own Motion April 12, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied April 12, 1971.

———◆———

Robert Frager, Kansas City, for appellants.

Aaron A. Wilson, City Counselor, George L. DeBitetto, Associate City Counselor, Robert B. Fizzell, Robert B. Fizzell, Jr., Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, for respondents.

BARRETT, Commissioner.

This is a suit by property owners and taxpayers to enjoin the sale by Kansas City of $2,950,000.00 general obligation bonds voted by the electorate. Section 101 of the Kansas City charter provides that its bonds "shall bear such rate of interest not exceeding six percent (6%) per annum." The bonds as issued provide for 6% interest. But, the city proposes to accept the bid of First National City Bank of New York at 6% interest but upon a bid, not of $2,950,000.00, but of $2,804,202.50, a discount of $145,797.50 which discount of 4.0423% according to the taxpayers produces in effect an illegal annual interest rate of 6.4361 percent. By and large the taxpayers base their claim upon "the lit-

eral language of Section 101" of the charter which they assert in plain terms limits the legal rate of interest to be paid upon municipal bonds to 6%. The appellant taxpayers do not claim that the city may not discount its bonds by selling them at less than par "*unless*," as here, so doing results in an effective rate of interest "computed on money actually received in excess of six (6) percent per annum." Pointing to the fact of Kansas City's charter form of government, its fundamental, organic law (Schmoll v. Housing Authority of St. Louis County, Mo., 321 S.W.2d 494, 498), it is said that it "presents a complete system of local self government" untrammeled so long as its ordinances are not inconsistent with the constitution and laws of Missouri and "supersede statutory provisions for the government of the city."

Admittedly there are no specific constitutional or statutory provisions limiting or restricting the sale of municipal bonds at less than par, that being so the city has the power to sell bonds for less than par. Annotation 91 A.L.R. 7, 9. As indicated, the appellants do not challenge this general rule, they simply contend that it is inapplicable when the sale at discount has the practical effect of increasing the rate of interest above the rate specified in the charter. In this situation, a statute or ordinance limiting the rate of interest, it may be frankly recognized that there are two "squarely divided" views. 91 A.L.R. l. c. 13. Both views, however, recognize that "in the sale of municipal bonds the interest rate and the price are correlative factors" (91 A.L.R. l. c. 12) or as put in the later annotation "it being a well-known rule of economics that the rate of interest which a bond bears and the price at which it is sold on the market are mutually dependent factors." Annotation 162 A.L.R. 396, 398. The court's holding, under such statutes, that bonds may not be sold at discount adopt the view that in such a sale "the rate of interest actually paid on the money received by it exceeds the maximum rate prescribed by the statute." 91 A.L.R. l. c. 14. The contrary view is that the statutory

"rate of interest to be paid on municipal bonds (has) reference only to the nominal rate to be expressed in the bonds, and are not intended to operate as a restriction upon the price at which the bonds should be sold." 91 A.L.R. 1. c. 13.

It is not necessary in this instance to place the decision alone upon either of these views. The statutes and ordinances involved here, those governing charter cities and their bonds (Edwards v. St. Louis County, Mo., 429 S.W.2d 718), do not contain provisions "relating both to the rate of interest and the price at which the bonds may be sold," a factor undeniably indicating a legislative intent to fix "an absolute limit which cannot be exceeded either directly or indirectly." 91 A.L.R. 1. c. 12. The history of the charter provisions, as the respondents contend, is of some force. As originally adopted in 1925 a charter provision explicitly provided "that such bonds shall not be sold for less than par." K.C. Charter 1925, Sec. 103. In the later and present section there is no such restriction, the limitation is that "no bonds shall be sold except to the highest and best bidder and on terms deemed by the council most advantageous to the city" (K.C. Charter, Sec. 103) thus the governing authority by removing the restriction has indicated that bonds may be sold at less than par. 91 A.L.R. 1. c. 11. In the same vein the respondents point to the recent legislative history of § 108.170 which prior to 1969 provided for an interest "rate not exceeding six percent per annum" but "at the best price obtainable, not less than ninety-five percent of the par value thereof, anything in any proceedings heretofore had authorizing such bonds or in any law of this state to the contrary notwithstanding." RSMo 1959, § 108.170. This statute was amended by the two special sessions of the General Assembly in 1969 and expressly reenacted the quoted language, adding only that in certain sales bonds may bear interest "at a rate not exceeding eight percent per annum if sold at public sale after giving reasonable no-

tice of such sale, at the best price obtainable, not less than ninety-five percent of the par value thereof." V.A.M.S.Supp. Sec. 108.170. This is not to suggest or approve a series of nebulous, metaphysical refinements and distinctions; (and, apparently, there are no cases construing precisely similar circumstances, ordinances and statutes), it is simply to say that considering all the noted factors the present sale does not so infringe either constitutional, statutory or ordinance limitations and restrictions as to demand the injunctive relief sought by the appellants. Accordingly the judgment dismissing appellants' petition and approving the city's sale of the bonds is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

DONNELLY, P. J., and MORGAN, J., concur.

FINCH, J., concurs in separate concurring opinion filed.

FINCH, Judge (concurring).

I concur in the result of the principal opinion but desire to be more specific as to the basis for that conclusion.

Plaintiffs seek injunctive relief herein on the theory that the sale of the bonds involved violates provisions of the Charter of Kansas City with respect to the maximum permissible interest. Defendants respond that (1) the situation is governed by § 108.170, V.A.M.S., as amended October 10, 1969, with which the sale of these bonds complies, and (2) the sale was in accordance with and authorized by the provisions of the Charter of Kansas City.

Section 108.170, as amended October 10, 1969, provides, insofar as pertinent to this case, as follows:

"Other provisions of law to the contrary notwithstanding, any and all bonds including revenue bonds hereafter issued under any law of this state by any county, city, town, village, school district, educational institution, drainage district, levee district, nursing home district, hospital district, library district, road district, fire protection district, water supply district, sewer district, special authority created under Section 64.920, RSMo, authority created pursuant to the provisions of Chapter 238, RSMo, or other municipality, political subdivision or district of this state shall be negotiable and may bear interest at a rate not exceeding six percent per annum, and may be sold, at any sale pursuant to any law applicable thereto, at the best price obtainable, not less than ninety-five percent of the par value thereof, anything in any proceedings heretofore had authorizing such bonds or in any law of this state to the contrary notwithstanding. Such aforementioned bonds may bear interest at a rate not exceeding eight percent per annum if sold at public sale after giving reasonable notice of such sale, at the best price obtainable, not less than ninety-five percent of the par value thereof. * * *."[1]

I would hold that the financing of public projects designed to meet the needs of every city, county, town, village, and various other political subdivisions and districts in the state relates to a matter of statewide concern. Marketability of bonds for such projects is essential if this means of financing is to be available throughout the state for the purpose of building facilities essential to the health, safety and well-being of the citizens of the state. This was recognized by the general assembly in the very

broad application provided for in the act itself and by the language in the emergency clause wherein it was recognized that political subdivisions throughout the state were unable to market their bonds on the basis then provided in existing state statutes and that an immediate change was necessary for the protection of the public health, welfare, peace and safety of citizens of the state. Since this is a matter of state concern, any charter provisions must be "consistent with and subject to the Constitution and laws of the state." Art. VI, § 19, Const. of Mo., 1945. The state statute (in this instance § 108.170) is controlling in such situations. State ex rel. Spink v. Kemp, 365 Mo. 368, 283 S.W.2d 502; School District of Kansas City v. Kansas City, Mo., 382 S. W.2d 688; Grant v. Kansas City, Mo., 431 S.W.2d 89.

Plaintiffs say that § 108.170, as it applies to constitutional charter cities, is merely enabling rather than self-enforcing legislation, and that consequently the charter city may adopt more strict provisions, thereby in effect modifying and restricting the state statute insofar as it applies to the charter city. I do not agree. We applied § 108.170 to St. Louis County, a charter county, in Edwards v. St. Louis County, Mo., 429 S.W.2d 718, and I think properly so. In my view, it also is applicable to Kansas City.

I would hold that the sale of these bonds by Kansas City was authorized by the provisions of § 108.170, and on that basis I would deny injunctive relief herein.

Decision on the above basis makes it unnecessary to reach and decide the alternative proposition relied on by Kansas City that the provisions of its charter, considered in the light of the 1942 amendment thereto, authorizes the sale of these bonds on the terms agreed upon.

---

1. The statute was amended again on June 16, 1970, but the changes made at that time would not affect the disposition of this case.